ELLIS, Judge:
J. G. Duplantis leased a house at 502 Garnet Street, Houma, Louisiana, to Mr. and Mrs. William Frederick Schrader. As a result of a fire on October 31, 1970, Mrs. Schrader and Leslie Schrader, the Schrader’s minor daughter, were injured, and a guest, Catherine Marie Smith, daughter of Mr. and Mrs. Junius Adam Smith, was killed. This is a tort action against Mr. Duplantis for the foregoing injuries and wrongful death.
After suit was filed, Mr. Duplantis filed a third party petition, alleging that St. Paul Fire and Marine Insurance Company had issued a liability policy affording him coverage therein. St. Paul filed exceptions of no cause and no right of action, and a motion for summary judgment, based on the terms of its policy, which is alleged not *869 to afford coverage to Mr. Duplantis for this claim.
The exclusionary provision on which St. Paul relies is as follows:
“This Part shall not apply with respect to coverage (a) :
* * * * * *
“9d) except with respect to the use of private passenger automobiles for business purposes other than as a public or livery conveyance, (1) to any business or business property (other than farms) of an Insured unless insurance is provided therefor by an underlying Policy listed in Schedule A, and then not for broader coverage than is provided by such insurance (2) to the rendering of any professional service or the omission thereof by the Insured.”
Coverage (a) is the liability feature of the policy. No underlying policy covering the premises at 502 Garnet Street is listed in Schedule A. Business property is defined in the policy as “property rented in whole or in part to others”.
The trial judge granted the motion for summary judgment and dismissed Mr. Du-plantis’ third party petition, and he has appealed.
In disposing of the issues presented, the trial judge said:
“Third party plaintiff, Duplantis, contends that section (d) has been rendered ambiguous by the insertion at the beginning thereof of the clause
‘except with respect to the use of private passenger automobiles for business purposes other than as a public or livery conveyance,’
and that ‘business or business property’ may be also considered as an exception to the exclusion and should be so interpreted against St. Paul because of the ambiguity.
“We do not find such ambiguity. We find no difficulty in determining from the language of section (d) that ‘business or business property’ is excluded unless such property was covered by a scheduled underlying policy, but that ‘private passenger automobiles used by the insured for business purposes’ were not excluded.”
He concluded that, since the Garnet Street property was not covered by underlying insurance, and was business property, it was excluded from coverage by St. Paul.
After reviewing the record, we agree fully with the trial judge. We find the exclusionary provision to be clear and unambiguous, and that no coverage is pro vided by the St. Paul policy.
The judgment appealed from is affirmed, at the cost of defendant, J. G. Du-plantis.
Affirmed.